YOU HAVE ASKED FOR THIS OFFICE'S OPINION ON THE FOLLOWING QUESTION:
 DOES A COUNTY HAVE A RESPONSIBILITY TO PAY FOR LEGAL EXPENSES INCURRED BY A COUNTY COMMISSIONER IN HIS DEFENSE IN OUSTER PROCEEDINGS INSTITUTED AGAINST HIM BY A GRAND JURY AND AT WHICH HE WAS EXONERATED?
A COUNTY IS AN INVOLUNTARY POLITICAL SUBDIVISION OF THE STATE OF OKLAHOMA AND HAS NO INHERENT POWERS, BUT POSSESSES ONLY THOSE POWERS GRANTED BY THE LEGISLATURE. TULSA EXPOSITION FAIR CORP. V. BD. OF COUNTY COMMISSIONERS OF TULSA COUNTY, 468 P.2D 501 (OKLA. 1970) ; HERNDON V. ANDERSON, 25 P.2D 326 (OKLA. 1933). BEFORE A COUNTY COULD LAWFULLY PAY FOR THE LEGAL EXPENSES INCURRED BY A COUNTY COMMISSIONER IN HIS DEFENSE OF AN OUSTER PROCEEDING, THE LEGISLATURE MUST HAVE GRANTED THE COUNTY SUCH AUTHORITY.
IN 19 O.S. 1 (1989), THE LEGISLATURE GRANTED THE COUNTIES CERTAIN GENERAL POWERS. THAT STATUTORY SECTION DOES NOT, HOWEVER, AUTHORIZE A COUNTY TO PAY LEGAL FEES INCURRED BY A COUNTY COMMISSIONER IN AN OUSTER PROCEEDING.
TITLE 22 O.S. 1181 — 22 O.S. 1197 (1981) SETS OUT THE GROUNDS AND PROCEDURE FOR REMOVAL OF COUNTY OFFICERS, SUCH AS COUNTY COMMISSIONERS, BUT DOES NOT MENTION ANY POWER OF THE COUNTY TO REIMBURSE A COUNTY COMMISSIONER FOR LEGAL EXPENSES INCURRED IN DEFENDING SUCH A REMOVAL OR OUSTER ACTION.
THE GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 151 (1989) ET SEQ., PROVIDES THAT A POLITICAL SUBDIVISION SHALL PROVIDE A DEFENSE FOR ANY EMPLOYEE OF THE POLITICAL SUBDIVISION WHEN LIABILITY IS SOUGHT FOR ANY VIOLATION OF PROPERTY RIGHTS, OR ANY RIGHTS, PRIVILEGES OR IMMUNITIES SECURED BY THE CONSTITUTION OR LAWS OF THE UNITED STATES. 51 O.S. 162 (1989). THE PURPOSE OF AN ACTION FOR THE REMOVAL OF A COUNTY COMMISSIONER IS NOT, HOWEVER, TO IMPOSE LIABILITY FOR VIOLATION OF PROPERTY RIGHTS OR CIVIL RIGHTS. ACCORDINGLY, THE GOVERNMENTAL TORT CLAIMS ACT DOES NOT AUTHORIZE A COUNTY TO REIMBURSE A COUNTY COMMISSIONER FOR LEGAL EXPENSES INCURRED IN DEFENDING AN OUSTER PROCEEDING.
TITLE 19 O.S. 215.25 (1981) IMPOSES UPON THE DISTRICT ATTORNEY THE DUTY TO REPRESENT COUNTY EMPLOYEES IN CERTAIN INSTANCES. SECTION 215.25 PROVIDES:
 "IN THE EVENT AN ACTION IS BROUGHT AGAINST A COUNTY EMPLOYEE IN ANY CIVIL ACTION OR SPECIAL PROCEEDING IN THE COURTS OF THIS STATE OR OF THE UNITED STATES BY REASON OF ANY ACT DONE OR OMITTED IN GOOD FAITH IN THE COURSE OF EMPLOYMENT, IT IS THE DUTY OF THE DISTRICT ATTORNEY FOR THAT COUNTY, WHEN REQUESTED IN WRITING BY THE EMPLOYEE, TO APPEAR AND DEFEND THE ACTION OR PROCEEDING IN HIS BEHALF. SUCH WRITTEN REQUEST SHALL BE MADE WITHIN FIFTEEN (15) DAYS AFTER SERVICE OF SUMMONS ON THE EMPLOYEE AND A COPY OF THE REQUEST SHALL BE TRANSMITTED BY THE EMPLOYEE TO HIS IMMEDIATE SUPERVISOR AND THE DISTRICT ATTORNEY.
 B. THE DISTRICT ATTORNEY SHALL NOT REPRESENT A COUNTY EMPLOYEE IF THAT EMPLOYEE DID NOT PERFORM A STATUTORILY REQUIRED DUTY AND SUCH DUTY IS A BASIS OF THE CIVIL ACTION OR SPECIAL PROCEEDING.
 C. THE DISTRICT ATTORNEY MAY INTERVENE IN ANY SUCH ACTION OR PROCEEDING AND APPEAR ON BEHALF OF ANY COUNTY WITHIN HIS DISTRICT, OR ANY OF ITS OFFICERS OR EMPLOYEES, WHERE HE DEEMS THE STATE TO HAVE AN INTEREST IN THE SUBJECT MATTER OF THE LITIGATION.
 D. THE DISTRICT ATTORNEY SHALL DETERMINE THE METHOD OF PREPARATION AND PRESENTATION OF SUCH DEFENSE. THE DISTRICT ATTORNEY OR OTHER LEGAL OFFICER UNDER HIS DIRECTION SHALL NOT BE HELD CIVILLY LIABLE FOR THE EXERCISE OF SUCH DISCRETION.
 E. THE EMPLOYEE NAMED IN THE ACTION MAY EMPLOY PRIVATE COUNSEL AT HIS OWN EXPENSE TO ASSIST IN HIS DEFENSE.
 F. ANY OFFICER OR EMPLOYEE WHO ACTS OUTSIDE OF THE SCOPE OF HIS OFFICIAL AUTHORITY SHALL BE LIABLE IN DAMAGES IN THE SAME MANNER AS ANY PRIVATE CITIZEN. (EMPHASIS ADDED.)"
SECTION 19 O.S. 215.25(E) PROVIDES THAT WHEN A "SPECIAL PROCEEDING" IS BROUGHT AGAINST A COUNTY EMPLOYEE, THE COUNTY EMPLOYEE MAY EMPLOY PRIVATE COUNSEL AT HIS OWN EXPENSE TO ASSIST IN HIS DEFENSE. AN ACTION FOR REMOVAL OF A COUNTY COMMISSIONER ON ACCUSATION OF GRAND JURY IS A "SPECIAL PROCEEDING". STATE V. SCARTH, 3 P.2D 446 (OKLA. 1931). ACCORDINGLY, WHEN AN ACTION FOR REMOVAL ON ACCUSATION OF A GRAND JURY IS BROUGHT AGAINST A COUNTY COMMISSIONER, IF THE COUNTY COMMISSIONER EMPLOYS PRIVATE COUNSEL TO ASSIST IN HIS DEFENSE, HE DOES SO AT HIS OWN EXPENSE.
IN CONCLUSION, WE HAVE FOUND NO STATUTORY PROVISION THAT WOULD AUTHORIZE A COUNTY TO REIMBURSE A COUNTY COMMISSIONER FOR LEGAL EXPENSES THE COMMISSIONER INCURRED IN SUCCESSFULLY DEFENDING AN OUSTER PROCEEDING. IN THE ABSENCE OF SUCH STATUTORY AUTHORITY, IT IS THE OPINION OF THIS WRITER THAT A COUNTY MAY NOT LAWFULLY PAY FOR LEGAL EXPENSES INCURRED BY A COUNTY COMMISSIONER IN DEFENDING AN OUSTER PROCEEDING INSTITUTED AGAINST HIM BY A GRAND JURY.
(JEFF MIXON)